## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

EDIFY, LLC                                          )
a Florida Corporation,                              )          Case No:  2:07-cv-434-FtM-29DNF
                                                    )
    Plaintiff,                   )
                                                    )
v.                                                  )
                                                    )
FIFTH THIRD BANK,                                   )
a Florida Corporation, and                          )
FIFTH THIRD BANCORP,
an Ohio Corporation                                 )
                                                    )
    Defendants.                  )
                                                    )
_____ )

### DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT
### AND SUPPORTING MEMORANDUM OF LAW

Defendants Fifth Third Bank and Fifth Third Bancorp (collectively "Fifth Third"), move to dismiss the Amended Complaint under Rule 12 (b)(6) of the Federal Rules of Civil Procedure. Plaintiff Edify, LLC ("Edify") can prove no set of facts under any of the nine counts of its Amended Complaint that would entitle it to relief, and therefore, dismissal is appropriate.   In support of this Motion, Defendants state as follows:

### Background

1.    Edify is a Florida corporation which holds multiple accounts with Fifth Third.

2.    These accounts are governed by the Fifth Third Treasury Management Services Agreement (the "Contract") between Fifth Third and each Edify account holder.  *See* Plaintiff's Exhibit K, the Contract.

3.      The Contract defines the relationship between Edify and Fifth Third.  It specifies the rights and duties of Fifth Third and its account holders, including issues with respect to security procedures.  *See* Plaintiff's Exhibit K, the Contract, p. 33.

4.      During 2006, a number of media articles were released which warned that Fifth Third was among the financial institutions targeted by "phishing" scams.  *See* Plaintiff's Exhibits A, B, C, E, G, and H.

5.      "Phishing" is a form of email fraud in which parties impersonate legitimate organizations in order to obtain access to victims' bank account numbers and password information, often by creating fraudulent websites which strongly resemble the actual organization's website, and utilizing "letterhead" that closely resembles the legitimate organization's in the emails.  These scams can and do involve impersonation of a variety of different financial institutions.  *Id.  See also*  Plaintiff's Exhibit F.

6.      Fifth Third also sent out press releases warning of the phishing scams and cautioning account holders not to reply to emails seeking account information.  *See* Plaintiff's Exhibits B and C.

7.      In April 2007, twelve (12) wire transfers removed a total of $224,848.00 from Edify's accounts.  *See* Amended Complaint, ¶ 24-25; Plaintiff's Exhibit I.  Edify complained that these withdrawals were unauthorized and fraudulent, and the result of inadequate security on the part of Fifth Third.  *See* Amended Complaint, 26-28; Plaintiff's Exhibit J.

8.      Edify has failed to allege any causal nexus between phishing and the complained-of fraudulent wire transfers other than in a conclusory fashion.  *See* Amended Complaint, ¶¶  14-15, 23-24 and 28.  No causal chain is offered connecting the alleged inadequate security of Fifth Third, *see* Amended Complaint ¶¶ 9 and 19-23, and phishing activity, *Id.* ¶¶ 9, 12, and 15-17,

and the wire transfers which caused Edify's losses. *Id.*, ¶¶ 24-26.  Edify has not alleged that it or Fifth Third provided any information to a "phisher" or that any information so provided was used to initiate the allegedly-fraudulent wire transfers.

9.    On July 10, 2007, Edify filed the instant action on its own behalf, naming eleven (11) counts of common law tort, statutory and regulatory violations, and quasi-contract claims against Fifth Third in its initial Complaint, *see generally* Complaint, and sought certification of a class action regarding Fifth Third's alleged inadequate security.  *See* Complaint, ¶¶ 29-35. Edify's Amended Complaint was filed on August 24, 2007 naming nine (9) counts against Fifth Third.  *See generally* Amended Complaint.

## MEMORANDUM

### I.    Rule 12(b)(6) standards for dismissal.

Dismissal of a complaint under Fed. R. Civ. P. 12(b)(6) is appropriate when the Court determines that no relief could be granted under any set of facts that could be proved consistent with the allegations.  *See Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984)). When, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate.  *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

To survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. *See Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996).  Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.  *See American Honda Motor v. Motorcycle Info. Network,* 390 F. Supp. 2d 1170, 1175

(M.D. Fla. 2005), (citing *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003); *Day v. Taylor*, 400 F.3d 1272, 1277 (11th Cir. 2005)).

II.   **All tort claims raised by Edify are barred.**

Edify alleges four causes of action in common law tort:  negligence (Count II), gross negligence (Count III), breach of fiduciary duty (Count VI), and conversion (Count VII). However, all of these claims must fail based upon Edify's own allegations in its Amended Complaint and applicable standards of law, because all common law duties are superceded by the terms of the Contract between the parties.

A.   **The economic loss rule bars both of Edify's negligence claims.**

The "economic loss rule" prevents parties to a contract from circumventing the allocation of losses set forth in the contract by bringing an action for economic damages in tort for breach of the contract.  *See Indemnity Insurance Co. of North America v. American Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004).   Accordingly, courts have held that a tort action is barred where a defendant has not committed a breach of duty apart from a breach of contract.  *Id,* 891 So. 2d at 537, citing *Electronic Security Systems  Corp. v. Southern Bell Tel. & Tel. Co.*, 482 So. 2d 518, 519 (Fla. 3d DCA 1986).

The relationship between Fifth Third and Edify was governed by the Fifth Third Treasury Management Services Agreement (the "Contract").  All rights and duties of each party to the other arose from the terms of the Contract.  Although Edify claims that Fifth Third has a "statutory, regulatory, and common law duty to protect their customer's non-public and private financial information, as well as to protect the funds which Edify and the class members have entrusted to Fifth Third," *see* Complaint ¶¶ 9, 45-46 and 55-56, it can allege no duty that does not arise from the contractual relationship between the parties.  Nor has Edify alleged any tort or

action independent of the Contract or any injury to persons or property independent of that governed by the Contract.  Thus, the economic loss rule applies to bar its negligence claims.

> 1.      **Negligence**

There is no basis for recovery in negligence where parties to a contract cannot prove a tort independent of breach of the contract.  *See AFM Corp. v. Southern Bell Telephone & Telegraph Co.*, 515 So. 2d 180, 181 (Fla. 1987).  In Count II (negligence) and Count III (gross negligence), Edify's claim turns upon the allegations that Fifth Third breached its duty to adequately safeguard Edify's funds and personal information by failing to address known breaches of its security measures, and by allowing third parties to wrongfully take twelve (12) wire transfers from Edify's accounts.  *See* Amended Complaint, ¶¶ 48-50 and 58-61.  Any such duty owed by Fifth Third to Edify was created by and arose out of the Contract.  Edify does not and cannot allege any injury that does not arise from that contractual relationship.  *See* Contract, Defendant's Exhibit K, p. 33.  Thus, a claim of negligence in control of deposited funds resulting in a loss of said funds falls within a breach of contract, not tort.  *See Electronic Security*, 482 So. 2d at 519 ("[A] breach of contract, alone, cannot constitute a cause of action in tort. . . It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such breach can constitute negligence.").

In addition to the bar by the economic loss rule, Edify has failed to allege any causal nexus between phishing and the complained-of fraudulent wire transfers other than in a conclusory fashion.  *See* Amended Complaint,  14-15, 23-24 and 28.  No causal chain is offered connecting any alleged inadequate security measures of Fifth Third, *see* Amended Complaint ¶¶ 9 and 19-23, and phishing activity, *Id.* ¶¶ 9, 12, and 15-17, and the wire transfers which caused Edify's losses. *Id.*, ¶¶ 24-26.

Edify cannot allege any set of facts in which negligence by Fifth Third caused the losses to Edify's accounts where such negligence does not qualify as a mere breach of the contract governing the accounts.   Thus, its negligence claim is barred by the economic loss rule.

**2.      Gross Negligence**

As Edify's claim for negligence fails, its claim for gross negligence must likewise fail. As discussed above, Edify alleges no independent tort or injury outside of the parties' contractual relationship.  Thus, its claim for gross negligence is barred by the economic loss rule.

Furthermore, gross negligence is defined as an act or omission that a reasonable, prudent person would know is likely to result in injury to another.  *See Turner v. PCR, Inc.,* 754 So. 2d 683, 687 n. 3 (Fla. 2000).  In Count III of its Amended Complaint, Edify does not come close to sufficiently alleging such acts or omissions, but only claims that "[i]n spite of the fact that Fifth Third knew or should have known about the breach of its security policy and procedures, Fifth Third **did not take adequate steps** to secure Edify and the class members' funds." *See* Complaint, ¶ 61 (Emphasis added).   Failure to "take adequate steps" does not rise to the definition of gross negligence established under Florida law.

**B.      Because there was no fiduciary relationship between Fifth Third and Edify, no breach of fiduciary duty occurred.**

In Florida, a financial institution does not ordinarily owe fiduciary duties to its account holder.  *See Motorcity of Jacksonville v. Southeast Bank,* 83 F.3d 1317, 1339 (11th Cir. 1996), citing *Barnett Bank of West Florida v. Hooper*, 498 So. 2d 923, 925 (Fla. 1986).  Without a fiduciary relationship, a party cannot bring a claim for breach of fiduciary duty.  *Id.*

To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the

weaker party.  *Id., see also Watkins v. NCNB National Bank of Florida, N.A.,* 622 So. 2d 1063, 1064 (Fla. 3d DCA 1993).

Edify makes no allegation of any special undertaking by Fifth Third to counsel and protect Edify or the alleged class members which would be required to show the creation of a fiduciary relationship out of the ordinarily arms-length relationship between account holder and bank.  *Id.,* (*citing Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d DCA. 1994); *Cripe v. Atlantic First Nat'l Bank*, 422 So. 2d 820 (Fla. 1982)).  Neither the superior knowledge of a banking institution, nor its "size and financial strength," *see* Amended Complaint ¶¶ 82 and 85, is sufficient to create a fiduciary duty without the aforementioned repose *and* acceptance of trust. *See Watkins,* 622 So. 2d  at 1065.

Furthermore, failure to adequately safeguard or return funds pursuant to the Contract would be a breach of contract, not fiduciary duty.  For this reason, Edify's claim for beach of fiduciary duty against Fifth Third cannot lie.

> **C.    Edify cannot establish the elements of conversion.**

In Count VII, Edify asserts a claim of conversion against Fifth Third, based upon the allegation that Fifth Third recovered "a portion of the funds" involved in the fraudulent wire transfers from Edify's accounts.  *See* Amended Complaint, ¶¶ 99-100. However, to establish the elements of conversion, a plaintiff must demonstrate, by a preponderance of the evidence:  (1) specific and identifiable money;  (2) possession or an immediate right to possess that money;  (3) an unauthorized act which deprives plaintiff of that money;  and (4) a demand for return of the money and a refusal to do so.  *See United States v. Bailey,* 288 F. Supp. 2d 1261, 1264 (M.D. Fla. 2003), citing *Navid v. Uiterwyk Corp.,*  130 B.R. 594, 595-596 (M.D. Fla. 1991).  *Navid* further emphasizes that in a case for conversion of money, the money must be specific money

that is capable of identification.  *Navid,* 130 B.R. at 595.  Edify offers the conclusory allegation that the funds recovered "are specific and identifiable," in its Amended Complaint, yet fails to identify the funds.  *See* Amended Complaint, ¶ 101.

Furthermore, when a general deposit with a bank is made, the depositor parts with the title of the funds deposited, and in the absence of a special agreement imparting a different character, the relationship between the parties is simply that of debtor and creditor.  *See Vassar v. Smith*, 183 So. 705, 710, 134 Fla. 346, 350  (Fla. 1938).  Because title to deposited funds passes to the bank when they are deposited, and because a claim for conversion requires the defendant to acquire possession of the plaintiff's property, a claim for conversion cannot lie in relation to funds lost from a bank deposit.  *See Scherer v. LIUNA,* 746 F. Supp. 73, 84 (N.D. Fla. 1988), citing *Belford Trucking Co. v. Zagar*, 243 So. 2d 646, 648 (Fla. 4th DCA 1970) ("A mere obligation to pay money may not be enforced by a conversion action . . . and an action in tort is inappropriate where the basis of the suit is a contract, either express or implied.").

For the above reasons, Edify cannot establish the elements of a claim for conversion of money, and Count VII must fail.

## II.     All regulatory and statutory claims are inapplicable to the parties in this case.

Counts IV, V, and IX are brought pursuant to various statutes and regulations of Florida and federal law.  However, Edify is not within the class of individuals entitled to enforce the duties pursuant to those laws.

### A.     Edify has not pled a violation of the UCC in connection with the wire transfers.

In Count IV, Edify alleges that Fifth Third violated UCC § 4A-204 as adopted into federal law pursuant to 12 C.F.R. § 210.25(b)(1).  *See generally* Amended Complaint, ¶¶ 67-73.  UCC § 4A-204 was also adopted into Florida law as Section 670.204, Florida Statutes.

Edify offers only a conclusory allegation that the security procedures utilized by Fifth Third were not commercially reasonable, through what is essentially a repetition of the standard provided by UCC § 4A-202 and Fla. Stat. § 670.202(3), without any specific allegations as to:

1. What the "wishes of Edify and the class members as expressed to Fifth Third" actually were[1];

2. What the "circumstances known to the bank" regarding size, type, and frequency of payment orders normally issued by Edify and the purported class members were;

3. What, if any, alternative security measures were offered to Edify and/or the class members;

4. What security measures were in general use by customers and receiving banks similarly situated with Fifth Third.[2]

*See* Amended Complaint, ¶ 71.

Edify did not describe or even list the security features agreed to or utilized by Fifth Third, let alone explain of how any specific security features used or unused constituted a breach of the Contract.  Furthermore, the very nature of "phishing" as defined by Edify's own exhibits, *see* Plaintiffs' Exhibits A-C and E-H, is indicative that it was the account holders, not the bank, who failed to observe proper security measures in these cases by failing to keep their account numbers, passwords, pin numbers, or other identifying information confidential.  Edify's own exhibits also demonstrate that Fifth Third made an effort to advise and warn its account holders not to release their account information.  *See* Plaintiff's Exhibits B and C.

Thus, Edify has failed to sufficiently plead any violation of UCC § 4A-204 or Fla. Stat. § 670.204.  Nor has it alleged that the transactions at issue failed to fulfill the requirements of UCC

---

[1] Of particular significance is Edify's silence as to the security measures it understood and expected to be in place other than the account ID and PIN number that Edify apparently disclosed voluntarily at a time when it was on at least constructive notice of active phishing in Fifth Third accounts.

[2] Edify must also allege the manner in which those measures would have prevented Edify's loss after Edify voluntarily disclosed its ID and PIN.

§§ 4A-202(b)-(c) or Fla. Stat. §§ 670.202(2)-(3).  It also has yet to allege other than in a conclusory manner how the security procedures employed by Fifth Third were "commercially unreasonable."  Therefore, Count IV should be dismissed.

**B.      Because Edify is not a consumer, it cannot bring a claim pursuant to the Electronic Funds Transfer Act.**

Edify seeks relief pursuant to the Electronic Funds Transfer Act in Count V.  However, the provisions cited by Edify, 15 USC §§ 1693(l) and 1693(g)(a)(1), regarding the ability of parties to waive rights conferred by the statute and limiting consumer liability for an unauthorized transfer, respectively, apply only to consumers.  The term "consumer" is defined as a "natural person," which Edify, by definition, is not.  *See* 15 U.S.C. § 1693(a)(5).  Thus, the Electronic Funds Transfer Act pursuant to which Edify attempts to claim relief in Count V is inapplicable to Edify.

**C.      <u>No private right of action exists under the Gramm Leach Bliley Act.</u>**

Edify cannot bring suit for damages pursuant to 15 U.S.C. § 6801 on its own behalf or on behalf of any other private parties.  Despite Edify's declaration in its Amended Complaint that a private cause of action should be recognized due to lack of authority in the Eleventh Circuit enforcing or denying such a cause of action, a host of federal authority in multiple jurisdictions dictates that no such private right of action exists.  *See, e.g.*, *Dunmire v. Morgan Stanley DW, Inc.*, 475 F.3d 956, 960 (8th Cir. 2007), (citing *Farley v. Williams*, No. 02-CV-0667C(SR), 2005 WL 3579060 (W.D. N.Y. Dec. 30, 2005) (unpublished); *Briggs v. Emporia State Bank & Trust Co.*, No. 05-2125-JWL, 2005 WL 2035038, at *3 (D. Kan. Aug. 23, 2005) (unpublished); *Am. Family Mut. Ins. Co. v. Roth*, No. 05 C 3839, 2005 WL 3700232 (N.D. Ill. Aug. 5, 2005) (unpublished); *Borninski v. Williamson*, No. Civ. A. 3:02-CV-1014, 2004 WL 433746 (N.D.

Tex. Mar. 1, 2004) (unpublished); *Menton v. Experian Corp.*, No. 02 Civ. 4687(NRB), 2003 WL 21692820 (S.D. N.Y. July 21, 2003) (unpublished)).

Therefore, Count X must fail entirely.

III.   **Both counts sounding in contract and quasi-contract are barred.**

A.   **Edify's breach of contract claim is based solely on conclusory allegations**.

As discussed above, a plaintiff must do more than simply "label" his claims in order to survive a Motion to Dismiss.  *See Davis v. Lake Wales Charter Schools,* Case No. 8:06-cv-1382-T-30EAJ, 2006 WL 2864321 at *2 (M.D. Fla. 10-5-2006), citing *Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D. Fla. 1996).

Edify alleges only that Fifth Third had a "contractual duty to provide 'a commercially reasonable degree of protection against unauthorized transactions…designed to detect and prevent unauthorized transactions…" and that Fifth Third "willfully, wrongly, and in bad faith failed to provide" such "commercially reasonable degree of protection."  *See* Amended Complaint, ¶¶ 41-42.  No explanation is given in the allegations of Count I as to how Fifth Third's security measures pursuant to the Contract were not "commercially reasonable," other than a *res ipsa loquitor* implication that because funds were lost, the measures were unreasonable.  *See generally* Amended Complaint, Count I.

This Count is a mere labeling of a breach of contract claim and does not sufficiently plead the elements of breach of contract to survive a motion to dismiss.  *See Lake Wales Charter Schools,* Case No. 8:06-cv-1382-T-30EAJ, 2006 WL 2864321 at *2 (M.D. Fla. 10-5-2006) (where plaintiff alleged only that it had a contract with defendant and said contract was terminated, resulting in damages, and complaint contained no specific description of the alleged

breach or how the defendant's decision to terminate the contract constituted a breach, the elements of breach of contract were not sufficiently pled).

**B.      Edify is not entitled to relief for a claim of unjust enrichment.**

It is well settled in Florida that unjust enrichment is an equitable remedy and not available where there is an adequate legal remedy.  *See American Honda Motor v. Motorcycle Info. Network,* 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005).

Because the relationship between the parties is defined and governed entirely by the Contract, Edify does have adequate legal remedies for any alleged breach of duties pursuant to the Contract.  Edify has only repeated the assertion from its conversion claim that Fifth Third has benefited from Edify's deposits in its accounts and recovered funds from the fraudulent wire transfers, which it is improperly retaining.  *See* Complaint, ¶¶ 108-112 and 115.  To the extent that any claim can be asserted for Edify's losses, it must sound in breach of contract, which constitutes an adequate remedy at law.  Therefore, Edify's claim for unjust enrichment is barred.

**V.      The Complaint does not meet the standards for class certification.**

Without conceding the Rule 23(a) class requirements of numerosity, commonality, typicality, and adequacy generally, it is noted that Edify, in addition to having failed to file a single sustainable claim in this action on its own behalf, lacks standing to prosecute this action for the individual class members who are not "entities," because Edify cannot bring suit under 15 U.S.C. § 1693.

With regard to the second stage of class requirements contained in Rule 23, Edify seeks certification of the class pursuant to Rule 23(b)(3).  The matters pertinent to the findings that the

questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy (as claimed by Edify, *see* Complaint ¶ 34), include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action. *See* Fed. R. Civ. P. 23(b)(3)*.*

The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation. This is "far more demanding" than the commonality requirement (which is also highly problematic in this case), and requires that "the issues in the class action that are subject to generalized proof and thus applicable to the class as a whole, must predominate over those issues that are subject to individualized proof." *See Lagrasta et. al. v. First Union Securities,* Case No. 2:01-cv-251-FTM-29DNF, 2005 WL 1875469 at *18 (M.D. Fla. August 8, 2005), citing *Amchem Products, Inc. v. Windsor,* 521 U.S. 591, 623-624 (1997). Common issues will not predominate over individual questions if, as a practical matter, the resolution of an overarching common issue breaks down into an unmanageable variety of individual legal and factual issues. *Id,* citing *Cooper v. Southern Co.,* 390 F.3d 695, 722 (11th Cir. 2004).

Edify offers only conclusory allegations in support of its claim that a class action is the superior form of adjudication of this dispute, namely that few, if any, class members can afford to seek legal redress for the wrongs complained of. *See* Complaint, ¶¶ 34-35. Edify alleges no

common facts between its claims and the claims of the putative class members other than the allegation by implication that phishing occurred, which would require a separate allegation and analysis of causation for each class member's claim.

The articles contained in Edify's own exhibits regarding phishing speak of multiple methods by which identity thieves gain access to victims' account information. *See* Plaintiff's Exhibits A, D, and E.  Each involves a different factual situation by which fraudulent access to a victim's bank account is obtained, and would require differing factual and legal inquiries into Fifth Third's duties and responsibilities for preventing or responding to such activity, even assuming *arguendo* that the majority of fraudulent withdrawals or transfers from Fifth Third customers' accounts have occurred as a result of phishing.

For all of the above reasons, there are very few issues in this action which would be subject to generalized proof, and those issues certainly do not predominate over the issues which are subject to individualized proof in this case, such as matters of causation which are surely central to all suit claims.  *See LaGrasta,* 2005 WL 1875469 at *18, citing *Amchem Products, Inc.,* 521 U.S. at 623-624.  This is clearly a case where the overarching issue of whether class members' losses were caused by phishing which in turn was caused by some breach of duty by Fifth Third, breaks down into an unmanageable variety of individual legal and factual issues. *Id.,* citing *Cooper v. Southern Co.,* 390 F.3d 695, 722 (11th Cir. 2004).

Therefore, class certification should be denied.

## CONCLUSION

For the reasons stated above, Defendants Fifth Third Bank and Fifth Third Bancorp respectfully request that this Court enter an Order dismissing the Complaint in its entirety, and granting such other relief as may be just and proper.

Respectfully submitted,

_____/s/ Virginia B. Townes_____
Virginia B. Townes, Esquire
Florida Bar No. 361879
AKERMAN SENTERFITT
420 South Orange Avenue
Suite 1200
Orlando, FL  32802-0231
Phone:  (407) 423-4000
Fax:  (407) 843-6610
Email:  virginia.townes@akerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September __, 2007, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to Scott W. Rothstein and Frank Herrera, Esquire, Rothstein, Rosenfeldt & Adler, Las Olas City Centre, Suite 1650, 401 East Las Olas Boulevard, Fort Lauderdale, Florida  33301.

_____/s/ Virginia B. Townes